**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| MARY ELIZABETH SCHIPKE, Petitioner, | : | CIVIL ACTION NO. 3:16-cv-2096 (JCH) |
| v. | : | |
| | : | JANUARY 18, 2017 |
| STEVE FAUCHER, Respondent. | : | |

**RULING RE: PETITION FOR WRIT OF HABEAS CORPUS (DOC. NO. 1) AND PENDING MOTIONS (DOC. NOS. 3, 4, 5, 6, 11, 14)**

## I. INTRODUCTION

Petitioner Mary Elizabeth Schipke ("Schipke") was confined at York Correctional Institution ("York") when she filed this habeas petition. She challenges her detention in state prison pursuant to her arrest by Meriden police officers and seeks numerous other forms of relief.[1] For the reasons set forth below, the Petition (Doc. No. 1) is **TERMINATED AS MOOT**, and each of the pending Motions (Doc Nos. 3, 4, 5, 6, 11, 14) is **DISMISSED** and/or **TERMINATED AS MOOT**.

## II. BACKGROUND

Schipke claims that she inherited the house and piece of property located at 129 Goodwill Avenue in Meriden, Connecticut. See Writ of Habeas Corpus Pet. to Challenge Illegal Detention ("Petition") (Doc. No. 1) at 1.[2] On November 25, 2016, she

---

[1] In ruling on the Petition and Motions, the court remains mindful of its obligation to construe pro se filings "liberally, applying less stringent standards than when a plaintiff is represented by counsel." Robles v. Coughlin, 725 F.2d 12, 15 (2d Cir. 1983) (per curiam). It is also aware that such filings "must be . . . interpreted 'to raise the strongest arguments that they suggest.'" Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (quoting Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006)).

[2] The facts set forth in this Ruling are drawn from Schipke's filings, unless otherwise specified.

arrived at the house and unpacked her things. Id. At some point the next day, three Meriden police officers walked up to the front porch and demanded to know why Schipke was there. See id. The officers placed Schipke under arrest for trespassing and burglary, handcuffed her, dragged her to a police car, and threw her in the back seat. See id. at 1–2. While moving Schipke from the porch to the police car, the police officers severely injured Schipke's chest. See id. Despite her injury, the police officers brought Schipke to the Meriden jail, where she was photographed, fingerprinted, and placed in a freezing and filthy cell. See id. at 2.

The officers denied Schipke the ability to bail herself out of jail and to make an uninterrupted telephone call. See id. Schipke remained at the police station for two days. See id. The officers denied her a medical diet and refused to provide her with a blanket, a mattress, or a jacket. See id. On November 28, 2016, a Superior Court judge arraigned Schipke and set bond at $500.00. See id. Because Schipke could not make bond, police officials transported her to York. See id. at 3.

Prison officials at York denied Schipke a medical diet, purified water, and her reading glasses. See id. Schipke seeks to be released from prison, the immediate return of her truck, trailer, and possessions by the police, an order prohibiting the sale or destruction of her family home in Meriden, an order that she be provided with her medical diet and purified water, and an order requiring that the prison afford her law library access. See id. at 4.

---

The court limits its recitation of any facts to those necessary to adjudicate the pending Petition and Motions; it expresses no view as to the veracity of the allegations.

In addition to filing a habeas petition, Schipke has filed six motions seeking injunctive relief. See generally Mot. for Immediate Ct. Order for Special Medical Diet Foods & Bottled Water for Def. under ADA/ADAAA & Other Orders ("Food Mot.") (Doc. No. 3); Emergency Mot. to Stay All State Ct. Proceedings & Sale of Schipke House ("Property Mot.") (Doc. No. 4); Mot. for Emergency Restraining Order Against YCI Mental Health Dep't ("Medication Mot.") (Doc. No. 5); Mot. for Ct. Order for Relief from Pain of Hunger & Physical Pain ("Private Att'y Gen. Mot.") (Doc. No. 6); Mot. for Immediate Ct. Hr'g under Writ of Habeas Corpus ("Hearing Mot.") (Doc. No. 11); Mot. for Immediate Ct. Protection from Escalating Civil Rights Violations ("Escalating Violations Mot.") (Doc. No. 14). The relief sought in the Motions is substantially identical to the relief sought in the petition for a writ of habeas corpus, with the additional requests that the court enjoin York employees from forcing her to take certain medications, see Medication Mot. at 1–2, and provide injunctive relief related to alleged Eighth Amendment violations at York,[3] see Private Att'y Gen. Mot. at 1–2.

## III. DISCUSSION

As a preliminary matter, the court has become aware that Schipke is no longer confined at York or any other Connecticut prison facility. Offender Information Search, Conn. Dep't of Corr., http://www.ctinmateinfo.state.ct.us/ (last visited January 13, 2017) (generating no results after entering Schipke's inmate number—418087—and clicking

[3] At various points in her filings, Schipke refers to a "standing recent federal court order directing the YCI prison 'to feed 3000 calories per day per inmate.'" See, e.g., Escalating Violations Mot. at 5. Though this issue is not essential to its ruling, the court is unaware of any such order.

"Search All Inmates"); Escalating Violations Mot. at 7 (referring to release). Accordingly, the relief sought by Schipke with regard to her release from York and the conditions of confinement at that facility is now moot.[4]

The relief sought by Schipke with regard to the sale of her family home and the return of her possessions and vehicles that were confiscated by the police are not the types of relief that are cognizable in a habeas petition. See Price v. Johnson, 334 U.S. 266, 291 (1948) ("The primary purpose of a habeas corpus proceeding is to make certain that a [person] is not unjustly imprisoned."), abrogation on other grounds recognized by McCleskey v. Zant, 499 U.S. 467, 482 (1991). With regard to Schipke's seized possessions and vehicles, the appropriate course of action would be to file a motion for return of seized property in state court. See Conn. Gen. Stat. § 54-36a.[5]

Schipke mentions that her aunt, who lived in the home located at 129 Goodwill Avenue in Meriden, Connecticut, passed away on August 31, 2016. See Petition at 1. Schipke contends that she is the sole heir to the property and believes that someone is attempting to sell the house and the property to a church that is located next door to the property. See id. at 3. To the extent that the estate of Schipke's aunt is in probate, this

[4] Even if claims related to the conditions of her confinement were cognizable in an action seeking a writ of habeas corpus, Schipke no longer has standing to seek injunctive relief related to the allegedly unconstitutional prison conditions at York. See, e.g., Private Att'y Gen. Mot. at 1 ("The Petitioner . . . now addresses this Court in the legal capacity of Private Attorney General . . . ."). She has not alleged any likelihood that she will be incarcerated in the future that might give rise to a future injury warranting prospective, injunctive relief. See Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 344 (2d Cir. 1998) ("A plaintiff seeking injunctive . . . relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he . . . will be injured in the future." (citing City of Los Angeles v. Lyons, 461 U.S. 95, 105–06 (1983)).

[5] Additionally, if this situation persists after the pending state charges against her are resolved,

court has no subject matter jurisdiction to entertain an action that would interfere with a probate court's control over property that is in the probate court's custody. See Marshall v. Marshall, 547 U.S. 293, 311–12 (2006). The probate exception bars a federal court from doing anything to administer a will or to "disturb or affect the possession of property in the custody of a state court." Id. at 310 (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)).

## IV. CONCLUSION

For the reasons set forth above, the Petition (Doc. No. 1) is **TERMINATED AS MOOT**. The Motions (Doc. Nos. 3, 4, 5, 6, 11, 14) seeking various forms of injunctive relief are **TERMINATED AS MOOT**, to the extent they seek relief related to allegedly unlawful prison conditions, and **DISMISSED** without prejudice, to the extent they seek injunctive relief that is not cognizable in conjunction with a habeas petition or raise claims over which this court does not have subject matter jurisdiction.

The court concludes that jurists of reason would not find it debatable that the relief sought in the Petition is moot or that the court lacks subject matter jurisdiction over at least one of the claims. Thus, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Clerk is directed to enter judgment and close this case.

---

Schipke might consider filing a claim pursuant to section 1983 of title 42 of the United States Code.

**SO ORDERED.**

Dated at New Haven, Connecticut this 18th day of January, 2017.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge